IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEDRO GAMBOA, MARIA GAMBOA, | No. C 12-03285 RS |
| Plaintiffs, | |
| v. | **ORDER REMANDING CASE FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION** |
| WELLS FARGO BANK, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs Pedro and Maria Gamboa filed this action in state court asserting claims for violation of California Civil Code § 2923.5, California Business and Professions Code § 17200, fraud, and contractual breach of good faith and fair dealing. Defendants removed the case asserting diversity of citizenship and plaintiffs subsequently moved for remand for lack of subject matter jurisdiction. Defendants filed a notice of nonopposition to plaintiffs' motion, objecting only to their request for attorney's fees and costs. For the following reasons, this matter is hereby remanded. No attorney's fees or costs shall be awarded.

## II. FACTUAL BACKGROUND

In September 2004, plaintiffs and World Savings Bank executed a Pick-A-Payment Mortgage in the amount of $390,000.00. The loan was secured by a Deed of Trust against

plaintiffs' home located at 40566 Blacow Road, Fremont, California 94538. Defendant Wells Fargo is the successor in interest to World Savings Bank. The provisions of the loan included prepayment penalties and variable monthly payments which continuously adjusted throughout the course of the loan. In executing the mortgage, plaintiffs contend defendants misrepresented its terms and took advantage of their limited English skills.

After six years, plaintiffs defaulted on the loan and on April 12, 2011, Wells Fargo issued a Notice of Default through its agent Regional Trustee Services Corporation ("Regional"). Plaintiffs insist that, prior to the Notice's filing, neither Wells Fargo nor any other mortgagee, beneficiary, or authorized agent, contacted them to discuss alternatives to foreclosure as required by California Civil Code § 2923.5. According to plaintiffs, the Notice of Default is thereby defective.

Following the issuance of the Notice of Default, Regional recorded a Notice of Trustee's Sale in the Alameda County Recorder's Office. Pursuant to this Notice, plaintiffs' home is currently scheduled for non-judicial foreclosure on August 16, 2012. Plaintiffs responded by filing suit in Alameda Superior Court. Wells Fargo removed the case on the grounds of diversity jurisdiction and plaintiffs subsequently brought a motion to remand contending that because Defendant Regional is a California citizen, there is no diversity of citizenship for purposes of federal jurisdiction.

### III. STANDARD OF REVIEW

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Accordingly, removal jurisdiction exists where a case filed in state court presents a federal question or involves diversity of citizenship and meets the statutory amount in controversy. *See* 28 U.S.C. §§ 1331, 1332. Courts strictly construe the removal statute against finding jurisdiction and defendant bears the burden of establishing the basis for removal. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

### III. DISCUSSION

A. <u>Motion for Remand</u>

Defendant Regional is indisputably a citizen of California, and therefore removal jurisdiction would be lacking unless it was fraudulently joined or its presence in this litigation otherwise can be disregarded. Joinder of a non-diverse defendant is deemed to be fraudulent if it is "obvious" that plaintiff cannot state a claim against the resident defendant. *See McGabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). There is a strong presumption against fraudulent joinder, and defendants who assert this defense in order to defeat diversity jurisdiction "carry a heavy burden of persuasion." *Lieberman v. Meshkin, Mazandarani*, C-96-3344 SI, 1996 WL 732506 (N.D. Cal. Dec. 11, 1996); *cf. Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotations omitted). Indeed, they must show to "a near certainty" that joinder was fraudulent and that "plaintiff has *no actual intention to prosecute* an action against those particular resident defendants." *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (emphasis in original) (citing *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3rd Cir.1980)); *see Lewis v. Time, Inc.,* 83 F.R.D. 455, 466 (E.D.Cal.1979), *aff'd,* 710 F.2d 549 (9th Cir.1983).

Wells Fargo does not attempt to rebut the strong presumption against fraudulent joinder and, indeed, because it is possible for plaintiffs to prevail on their California Civil Code § 2923.5 claim against Regional, joinder was appropriate.[1] *Quiroz v. Valley Forge Ins. Co.*, No. C 05-2025 SBA, 2005 WL 1806366, at *3 (N.D. Cal. July 28, 2005) (emphasizing the strong presumption in courts against fraudulent joinder and the heavy burden on defendant to prove it). Section 2923.5 requires "a mortgagee, trustee, beneficiary, or authorized agent" to comply with certain procedures during the foreclosure process. Cal. Civ. Code § 2923.5. Plaintiffs state that Regional failed to follow these procedures prior to filing the Notice of Default. *See id.* Specifically, Regional allegedly did not contact plaintiffs to assess their financial obligations or to discuss alternatives to foreclosure. *Id.* Accordingly, there is no evidence that joinder was improper and, consequently, that federal jurisdiction is appropriate under 28 U.S.C. § 1332.

B. <u>Request for Attorney's Fees and Costs</u>

---

[1] Plaintiffs also contend Regional violated § 17200 of the California Business and Professions Code. Since the § 2923.5 claim serves as the predicate act for the § 17200 claim, for purposes of this motion, it is unnecessary to discuss the merits of plaintiffs' dependent claim.

3

Plaintiffs further argue that because removal was improper, they are entitled to reasonable costs and attorney's fees in the amount of $2,500. To recover fees and costs following improper removal, plaintiffs must demonstrate that defendants did not have an objectively reasonably basis for seeking removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141. Here, plaintiffs fail to meet this burden as defendants, in choosing to remove, reasonably relied on other cases from this Circuit which have held that trustees, such as Regional, are not proper defendants in a Section 2923.5 case. *Compare Moreno v. Wells Fargo*, No. CV-11-05189 EDL, 2011 WL 6372637 (N.D. Cal. Dec. 20, 2011) *with Osorio v. Wells Fargo*, No. CV-12-2645 RS, 2012 WL 2054997 (N.D. Cal. June 5, 2012). Consequently, plaintiffs' request for attorney's fees and costs is denied. *See generally Hershcu v. Wells Fargo, N.A.*, No. 12-CV-00096 BEN (BLM), 2012 WL 439698, *3 (S.D. Cal. Feb. 12, 2012) ("Here, although this Court has found that Cal–Western was not fraudulently joined, Wells Fargo nonetheless had an objectively reasonable basis for removal.").

### III. CONCLUSION

This matter is hereby remanded to Alameda Superior Court. Plaintiffs are not entitled to recover any fees or costs.

IT IS SO ORDERED.

Dated: 7/23/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE